YOUNG v. ST. PAUL FIRE AND MARINE INS. CO.

1. INSURANCE — CONTRACTS — PAROL —WRITTEN INSTRUMENTS — MERGER.—A parol agreement by an insurance agent, upon payment of premium, to write a policy merges all parol stipulations in the written policy, and writing a standard policy with the *usual* conditions is a compliance with such agreement.

2. IBID.—DELIVERY.—Retention of policy of insurance by agent at request or by acquiescence of insured and delivery to her on demand after loss, is delivery at time of insurance.

3. WAIVER cannot be shown by retention of policy at request of insured until after loss, or by expression of confidence and hope of soliciting agent that loss would be paid, or by retention of premium, or by local agent giving notice to adjuster of loss, and his coming to investigate it.

Before DANTZLER, J., Laurens, July, 1903. Reversed.

Action by Alice A. Young against St. Paul Fire and Marine Insurance Co. From judgment for plaintiff, defendant appeals.

*Mr. Jno. T. Seibels,* for appellant, cites: *As to the validity of the other insurance condition:* 13 Ency., 2 ed., 300, 307; Ost. on Fire Ins., 2 ed., 553. *As to waiver of other insurance conditions:* 47 L. R. A., 450; 2 McM., 220. *The amended complaint does not state a cause of action on a parol agreement to insure:* 16 Ency., 2 ed., 849-50; 28 N. Y., 153; 62 Ga., 23; 99 Ala., 609; 16 Ency., 2 ed., 856, 854-5-6; 47 L. R. A., 450; 98 N. C., 558; 60 Ia., 266. *As to admission in evidence of original verified complaint:* 30 S. C., 564. *It will be presumed that the parties contracted with reference to a usual policy:* Rich. on Ins., 2 ed., sec. 42; 22 L. R. A., 773; 1 May on Ins., 4 ed., 37; 32 Minn., 460; 94 U. S., 629; 16 Ency., 853; 37 S. C., 63. *As to definition of waiver:* 2 May on Ins., 4 ed., 505, 507; Rich on Ins., sec. 77; 2 Bac. on Ben. Soc. and Life Ins., secs. 421-3-4; 2 Ency., 2 ed., 336; 55 S. C., 450; 16 Ency., 954.

*Messrs. W. R. Richey, H. J. Haynesworth* and *Ferguson & Featherstone,* contra. *Messrs. Richey* and *Haynesworth* cite: *As to waiver:* 51 S. C., 186; 3 Joyce on Ins., secs. 2486-7. *As to oral application for insurance:* 52 Am. St. R., 536; 37 S. C., 56; 16 Ency., 850-1; 1 Joyce on Ins., sec. 41; 47 L. R. A., 201; 183 U. S., 25; 65 S. C., 517; 84 Am. St. R., 397.

April 1, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff recovered judgment on a contract of insurance made by defendant, covering her dwelling house in the town of Clinton. At the close of plaintiff's testimony, the Court was requested to instruct the jury to find a verdict for the defendant. The first question is whether the presiding Judge was in error in refusing this motion. The amended complaint alleges that Mrs. Young applied to Robertson, defendant's agent, and made a parol contract with him to insure her house for $1,500; "that subsequently and in the absence of the plaintiff, the said J. T. Robertson, as agent of the said company, in pursuance of said agreement, wrote out a policy of insurance, a copy of which is hereto attached as exhibit 'A,' and placed the same in his safe, where it remained until after the fire, which destroyed the plaintiff's house, when it was delivered to her. That in said policy when written out after the original agreement of insurance, the said agent stated the value of the building to be $2,000, and the total amount of insurance to be carried on said house to be $1,500, and further stated that 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereinafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy;' which statements were no part of the original agreement, and were made without the knowledge of or consent of the plaintiff, she having learned of them for the first time when her attention was directed to them after the said fire."

The plaintiff was the only witness offered in support of this last allegation. She testified specifically, and with noteworthy candor, that she applied to Robertson for a policy, and he agreed to write her a policy. This clearly meant that both parties fully understood that the contract was not for parol insurance, but for the usual printed policy of insurance issued by insurance agents in the course of business. 1 May on Insurance, sec. 23; 16 A. & E. Ency. Law, 853; *Newark Machine Co.* v. *Kenton*

*Ins. Co.,* 22 L. R. A., 773, and notes. In such case the presumption is that the parol negotiation is merged in the written contract represented by the policy. 16 A. & E. Ency. Law, 856, and notes; *United Firemen's Insurance Co.* v. *Thomas,* 47 L. R. A., 453; *Merchants' Mutual Insurance Co.* v. *Lyman,* 15 Wall., 664, 21 L. ed., 246; *Union Mutual Life Insurance Co.* v. *Mowry,* 96 U. S., 544, 24 L. ed., 674, and notes; *Kleis* v. *Niagara Fire Insurance Co.,* 76 N. W., 155 (Mich.); *Phoenix Insurance Co.* v. *Wilcox & Gibbs Guano Co.,* 65 Fed., 730. If the agent had made a verbal agreement to the effect that a provision allowing other insurance would be inserted in the policy, and if Mrs. Young had requested the insertion of such a clause without dissent from him, the policy would not have covered all the branches and elements of the parol contract, and the insurance would not have been lost, unless the insured had in some way subsequently waived the omission. 1 Joyce on Insurance, sec. 41; *McMaster* v. *New York Life Insurance Co.,* 183 U. S., 25, 46 L. ed., 64. But Mrs. Young testifies nothing whatever was said as to other insurance on the house. The provision, "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereinafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," was printed in the policy of insurance as issued. To hold the insured not to be bound by this provision, would be equivalent to holding that when a contract is made for a policy of insurance, and the ordinary policy is issued with the usual conditions printed in it, all these conditions would be void and have no effect on the liability under the policy, unless expressly brought to the notice of the insured and assented to by him. To state such a proposition is to reject it.

Nothing is more generally known and recognized in business dealings and the decisions of courts, than that an agreement for a policy of insurance contemplates the issuance of a policy with certain conditions, such as stipulations against

change of title, storing of highly combustible or explosive substances, incumbrance of the property, and additional insurance without consent. There was no evidence that the provision under discussion was unusual or unreasonable, but, on the contrary, the policy is indorsed, "Standard Fire Insurance Policy of the States of New York, Pennsylvania, Connecticut and Rhode Island."

The policy did not pass into the physical custody of Mrs. Young until after the fire, but it is apparent from the testimony that Robertson held it as a custodian for her by her acquiescence, if not her express request, and this was a sufficient delivery. The absence of manual possession is not fatal. "The manual possession of the thing which it is intended to deliver, is a matter of little consequence. Such possession may exist without any legal delivery, and it may not exist where a legal delivery has been effected. The controlling question is not who has the actual possession of the policy, but who has the right of possession." 16 A. & E. Ency. Law, 856.

It was admitted by the plaintiff that she took out other insurance, and this was sufficient to defeat her recovery, unless this condition was waived.

We are unable to find any evidence of waiver. Whether valid or void, the policy was the property of the plaintiff, and in turning it over to her after the fire, the agent, Robertson, only performed an imperative legal duty, from which no waiver could be implied. It has been held in *Norris* v. *Insurance Company,* 55 S. C., 450, 33 S. E., 566, that retention of the premium after the fire was no evidence of waiver. The mere expression of the local soliciting agent of hope and confidence that the loss would be paid, is no evidence of waiver. In *Joye* v. *Insurance Company,* 54 S. C., 374, 32 S. E., 446, it was held that even a letter from the president of the company, written after the fire, promising to pay, would not constitute waiver, when there was a subsequent letter denying liability in the absence of proof that any change in the condition of the plaintiff had resulted from the

first letter. It is hardly necessary to say that waiver cannot be implied from the act of the local agent in giving notice to the adjuster or the coming of the adjuster to Clinton to investigate the loss. We find no evidence of waiver in any of the facts relied·on by the plaintiff.

In no possible view of the evidence could the plaintiff be entitled to recover, and the jury should, therefore, have been directed to find a verdict for the defendant. Hence it is unnecessary to consider the other grounds of appeal.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the complaint dismissed.