SUN MUTUAL INS. CO. v. TEXARKANA FOUNDRY & MA-
CHINE CO.

(No. 3179.)     •

APPEAL from Bowie County. Opinion by WHITE, P. J.

VAUGHN & LEARY, counsel for appellant.

F. M. HENRY and HENRY & HENRY, counsel for appellee.

§ **31.** *Fire insurance; condition as to occupancy of building insured; in suit upon policy plaintiff must prove what; case stated.* Appellee sued appellant upon a policy of fire insurance and recovered judgment. In the policy it was stipulated that the building insured was to be occupied as a foundry and machine shop. It was not so occupied, but at the time of its destruction by fire and previous thereto was occupied as a warehouse for the storage of wagons, buggies, hay and shingles. *Held:*

The stipulation mentioned was a warranty on the part of the assured that the house should be occupied as a foundry and machine shop. [3 App. C. C., § 320; 4 Wait's Act. & Def., p. 38; Wall v. Ins. Co., 7 N. Y. 370; Wood v. Ins. Co., 13 Conn. 533; Sarsfield v. Ins. Co., 61 Barb. 479; Alexander v. Ins. Co., 66 N. Y. 464; Goddard v. Ins. Co., 108 Mass. 56.] Warranties are construed strictly as to their scope. [Loud v. Ins. Co., 2 Gray, 221.] Nearly one year had elapsed from the issuance of the policy to the destruction of the house. Before a recovery could be legally had in this action, it devolved upon the plaintiff to prove, first, that it had complied with its warranty as to the occupancy and use of the insured building; or, secondly, that such warranty had been waived by the insurance company or its duly authorized agent. Such proof was not made in this case, and the breach of said stipulation increased the risk to the insurance company, and operated as a forfeiture of the policy.

§ **32.** *Waiver of warranty by insurer.* Whenever an insurer, having knowledge of any act of the assured that works a forfeiture, does any act that shows that he recognizes his liability under the policy as an outstanding obligation, the forfeiture is waived and the policy remains operative. But a waiver of one's rights under a contract, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on a performance of the contract. [2 App. C. C., § 381; Ins. Co. v. Lacroix, 45 Tex. 158.]

§ **33.** *Waiver by agent.* When the agent of an insurance company has authority only to take applications and deliver policies, his knowledge of facts are not imputable to the company, so as to estop it from setting up a breach of the warranty expressed upon the face of the policy. [Wood, Ins., § 389.] An agent with general authority to make contracts of insurance and issue policies may waive forfeitures. [Id., § 391.] But in all cases the

binding force of an act done or omitted by an agent is to be measured by his apparent authority, and is to be determined by the jury; and, if there is any limitation placed upon the agent's authority of which the assured has notice, he can claim no advantage from anything done by the agent in excess thereof. But in order to estop the insurer, the act claimed as a waiver must be shown to have been done with full knowledge of the forfeiture, and one which necessarily operates as a recognition of the validity of the policy. [Id., § 403.] While the knowledge of the agent is imputable to the principal, yet this holds only as to knowledge acquired in his capacity as agent, and mere rumors, or matters coming to his knowledge in his individual capacity, are not imputable to the principal. Neither is the insurer affected by knowledge as to the risk, or any change therein, that comes to the agent in his individual capacity after the contract is made. [Id., § 404.]

December .7, 1889. Reversed and remanded.