# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1903.

## American Insurance Co. v. David R. Walston.

1. APPLICATION FOR INSURANCE—*effect of false statement in.* False statements in an application for insurance, known to, and made at the suggestion of the agent soliciting it, do not affect the liability of the company upon the policy issued pursuant thereto.

2. EX PARTE AFFIDAVIT—*when incompetent.* In an action upon an insurance policy, a copy of the proofs of loss was admitted without foundation having been laid therefor; attached to such proofs of loss, was the copy of an *ex parte* affidavit referring to the value of the property destroyed, which was a fact sharply contested on the trial. *Held,* that the admission of such affidavit was error.

3. OFFERS OF COMPROMISE—*when incompetent.* Offers of compromise made after litigation has been threatened, are not competent.

4. EVIDENCE—*necessity of objecting to.* The admission of incompetent evidence will not reverse where no objection was interposed at the time of its introduction.

5. NOTICE—*when the principal is not charged with.* Notice to a mere solicitor of insurance of a fact transpiring after the issuance of the policy, is not notice to the company. (Milwaukee Ins. Co. v. Schallman, 188 Ill. 213, held not in point.)

6. FORFEITURE—*when deemed in issue.* The question whether a forfeiture has taken place will be considered by the court on appeal, where the plaintiff at the trial permitted, without objection, the introduction of evidence upon such issue.

7. FORFEITURE—*authority of agent to waive.* Whether an agent has, or has not, the authority to issue policies of insurance is not the test of his power to waive a right of forfeiture.

8. PROOFS OF LOSS—*effect of acceptance of.* The mere acceptance of proofs of loss, especially where the information they contain is incomplete, does not *ipso facto* waive a right of forfeiture.

(133)

Action of assumpsit upon a policy of insurance. Appeal from the Circuit Court of Calhoun County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

FRANK A. WHITESIDE, for appellant.

WILLIAM MUMFORD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit brought by David R. Walston against the American Insurance Company, of Newark, New Jersey, to recover on a policy of insurance issued to him November 9, 1899, for $1,000, on a frame barn, which was destroyed by fire October 6, 1900. There was a verdict and judgment against the insurance company for $650, to reverse which judgment this appeal is taken.

The policy of insurance was issued by appellant upon a written application therefor, containing the usual questions as to the value, condition, and title to, the property to be insured, to be answered and signed by the applicant. It is insisted by appellant that the policy issued by it on the application in this case is void because of false statements in the application made by appellee relative to the mortgage encumbrances on the property. The evidence shows that the application is in the handwriting of one Clare, at that time a soliciting agent for appellant; that appellee told him there were two mortgages on the property, one for $800 and one for $300, and that he expected to pay off the latter in the fall from proceeds of sale of apples; that Clare said that would be all right and he wouldn't put the $300 mortgage in the application. In taking this application, Clare was the agent of appellant and it is bound by his knowledge. It cannot now be permitted to charge appellee with making a false statement in the application when that statement was known to be false by its agent and was made at his suggestion.

On the trial, appellee was permitted to introduce in evidence against the objection of appellant, a copy of the proofs of loss made by him and sent to appellant. At-

tached to the copy of the proofs of loss was the copy of an affidavit by Milard F. Walston, purporting to fix the value of the barn at $1,000, which paper also went to the jury. The original proofs of loss were in the possession of appellant, and appellee should have notified it to produce them, and on failure to do so, the copy of the proofs would have been competent; but the copy of the *ex parte* affidavit attached was incompetent, and in view of the sharp controversy as to the value of the barn, its admission was prejudicial to appellant.

Appellee testified as to the contents of a letter written by one Hatfield, an agent of appellant, to appellee's attorney, suggesting a settlement of appellee's claim by arbitration. No sufficient foundation was laid by appellee to enable him to testify to the contents of the letter, if it was competent, but the letter was an offer of compromise of the claim, after litigation threatened, and was for that reason incompetent. We should not reverse this case, however, because appellee so testified, for the reason that the record fails to show that appellant objected to it at the time.

It appears from the evidence that shortly after appellee procured the policy of insurance sued on, he executed a third mortgage on the premises to James P. Walston for $922.03. The policy provided that if, without the consent of the western manager of the company endorsed thereon, the assured should execute any encumbrance by mortgage or otherwise on the premises, the policy should be void. It is conceded that the consent of the manager of the company was not endorsed on the policy, as to this third encumbrance, but it is contended that this provision has been waived by the subsequent acts of the company through its authorized agent or agents with full knowledge of the encumbrance. Appellee testified, that on the day the mortgage was executed he told Clare, the soliciting agent of appellant, of its execution, and that Clare replied, " That is all right." The notice to Clare was not notice to the company. Clare was a mere soliciting agent, author-

ized and acting only to receive applications for insurance and forward same to the company with cash or notes for the premiums, the policies being issued by the secretary of the company and mailed to the insured. Clare's agency with reference to the transaction ceased when he received and forwarded appellee's application to appellant, and appellee testified that he so understood it. Milwaukee Ins. Co. v. Schallman, 188 Ill. 213, is not an authority in point.

There is evidence tending to show that appellant sent its general adjuster, one Gohrman, to appellee to adjust his loss under the policy; that appellee then informed Gohrman of this third mortgage on the property, and that Gohrman attempted an adjustment of the loss without raising any question as to the forfeiture of the policy, but based his refusal to pay upon the ground that appellee's claim for loss was excessive. It is doubtful, under the evidence, whether the conduct of Gohrman in and about an attempted adjustment of the loss, was such as to constitute a waiver by appellant of a forfeiture of the policy. Appellant, without objection by appellee, introduced evidence relative to the third mortgage, and the question of the forfeiture of the policy thereby was treated by both parties as directly at issue during the trial, although not specially pleaded. The appellee is therefore in no position to insist that it was not properly in issue in the case.

Appellee's sixth instruction given to the jury is as follows:

" Even though you may believe, from the evidence, that after the making of the application for this policy, another encumbrance was placed upon the property, yet, if you further believe, from a preponderance of the evidence, that after such other encumbrance was placed upon the property, and that the defendant knew it, and the defendant company, by its agent, called upon the plaintiff for proofs of loss, and arranged for the same, or received proofs of loss from the plaintiff, or sent an agent to the place of the loss to adjust it, then, in either of these cases, if the preponderance of the evidence shows them, or either of them, the defendant company would be held to have waived the condition in the policy providing that a subsequent mortgage should forfeit the policy, and it would not be permitted to avoid liability

on this policy by the fact of such subsequent encumbrance, if the defendant knew it, if the preponderance of the evidence shows any such."

This instruction is involved, misleading and inaccurate. It authorized the jury to find a waiver of the forfeiture provided in the policy, if they found from the evidence that appellant had received proofs of loss from appellee. It must be clear that the mere receipt of proofs of loss by appellant, independent of any other act by it, and particularly, when, as in this case, the proofs of loss gave no specific information as to the third mortgage on the property, would not amount to a waiver of the forfeiture.

While the seventh instruction given on behalf of appellee is somewhat involved, it states with substantial accuracy a correct rule of law and there was no error in giving it. Appellee's eighth instruction was erroneous in misquoting an alleged statement by the soliciting agent Clare at the time he procured the application for insurance.

Appellant's first refused instruction should have been given, as it properly told the jury that M. H. Clare was a soliciting agent of appellant only, and had no right as such to waive any of the terms or conditions of the policy, after it was issued. Appellant's second refused instruction was properly refused, as it told the jury that an agent not authorized to issue policies had no authority to waive a forfeiture. Whether an agent has or has not authority to issue policies is not the test as to his authority to waive a forfeiture.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*