6932

## HANKINSON v. PIEDMONT MUTUAL INSURANCE CO.

1. PLEADINGS—FRAUD.—A DEFENSE to an action on an insurance policy alleging it was obtained by consciously concealing facts which should have been disclosed to insurer, sets up fraud.

2. INSURANCE—WAIVER.—Instruction that if agent of insurer told insured to pay off mortgage before issuing the policy is not a waiver of the no-lien condition, properly refused here as there was no evidence to show insured consented to the proposition.

3. IBID.—IBID.—AN AGENT authorized to solicit insurance, to collect premiums, to countersign policies and to accept service of papers

for the company, has the authority to waive the iron safe clause in a fire insurance policy issued by a mutual insurance company to one of its members, although the charter and constitution provide such waiver can only be made by the president in writing.

4. IBID.—IBID.—The principles of the law of waiver applicable to old line insurance companies apply to mutual insurance companies whose members alone are insured.

Before MEMMINGER, J., Aiken, Fall Term, 1907. Affirmed.

Action by W. M. Hankinson against Piedmont Mutual Insurance Co. From judgment for plaintiff, defendant appeals.

*Messrs. Carlisle & Carlisle* and *Croft & Croft,* for appellant. *Messrs. Croft & Croft* cite: *A soliciting agent of a mutual insurance company cannot waive the by-laws and constitution made a part of contract of insurance:* Richards on Ins., 76; 2 Abb. Pr. N. S., 172; 4 Allen, 118; 7 Allen, 242; 3 Allen, 602; 9 Allen, 331; 66 A. D., 410; 8 Gray, 37; May on Ins., sec. 146; 79 A. D., 732; 1 Beasley, 333; 25 Conn., 207; 38 Id., 167; 29 L. A. An., 214; 9 Allen, 329; 4 Barr, 185; 16 Ency., 922; 4 L. R. A., 607; 68 S. C., 378. *A mere breach of warranty will avoid a policy:* 40 L. R. A., 358; 111 Ga., 622; 4 L. R. A., 612; 117 U. S., 519; 58 Fed. R., 940; 86 A. D., 362; Richards on Ins., 62. *Estoppel cannot be applied under the facts here:* 96 U. S., 546.

*Messrs. Davis, Gunter* and *Gyles,* contra, cite: *Carpenter was more than a soliciting agent:* 78 S. C., 486. *Ninth request of defendant would have been a charge on the facts:* 47 S. C., 524; 51 S. C., 460; 63 S. C., 504. *Statement of fact hypothetically is permissible in charge:* 58 S. C., 378; 63 S. C., 287. *Doctrine of waiver applicable to old line insurance companies applies to mutual insurance companies:* 55 S. C., 589; 57 S. C., 24; Richards on Ins., secs. 76, 395; May on Ins., 248. *The law of waiver as applied to this*

*case:* 52 S. C., 229; 75 S. C., 320; 51 S. C., 186; 48 S. C., 222; 75 S. C., 262; 51 S. C., 440; 25 Am. St. R., 494; 48 Am. St. R., 537; 77 S. C., 486.

June 29, 1908.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.  On the 14th day of September, 1906, W. M. Hankinson, the plaintiff, brought his action against the Piedmont Mutual Insurance Company, the defendant, to recover the sum of five hundred dollars on account of loss by fire under a policy of insurance issued by the defendant.

The complaint set forth that the policy of insurance was issued on the ninth day of April, 1906, that in accordance with said policy all of its conditions were complied with, but that the defendant had failed to pay the insurance.

The defendant, in its answer, admits its corporate character and the issuance of the policy referred to in the complaint, but denies that the plaintiff has complied with the conditions upon which it issued its policy of insurance.  It claims that the stock was over estimated; that the insured failed to keep a complete itemized inventory of stock on hand—failed to keep complete records of his business in an iron safe or some safe place where fire could not destroy them; that the contract of plaintiff was violated at the time of his application and statements to obtain insurance on his stock of goods by stating that there was no encumbrance on said property, whereas in fact there was a chattel mortgage thereon, and of these facts the defendant was ignorant at the time of issuing the policy; therefore, denied its liability to pay the plaintiff anything.

The trial came on before Judge R. W. Memminger and a jury at the fall term of Court for Aiken county in 1907.

After hearing testimony on both sides and the charge of his Honor to the jury, a verdict was rendered in favor of the plaintiff for four hundred dollars.  After entry of judg-

ment the defendant appealed upon the following six grounds. In disposing of the same we will consider them in their numerical order:

1. "Because his Honor erred in charging the jury as follows: 'I want to tell you in the outset, gentlemen of the jury, that if you believe from the testimony that this plaintiff, Mr. Hankinson, has perpetrated or committed a fraud on this insurance company by concealing from them material facts or misleading them fraudulently, then he should not recover anything, because the object of the law in these matters, and it is the law, is that between people who insure and the insurance company there should be nothing more nor less than common honesty or fair dealing, and that is all you want to bear in mind in solving the case here, that you have to decide what is common honesty and fair dealing between these parties. If you find it is on the side of the insurance company, you find for the insurance company, and if it is for the plaintiff, you should find for the plaintiff.' For it is submitted that said charge was not applicable to the case, as there was no testimony on, nor was the question of fraud raised by the pleadings, and, therefore, it only tended to, and in fact misled the jury, since it in effect inferred for them a line of defense not relied upon."

A careful examination of the holding of the Circuit Judge as set out in the foregoing will show that there was no error as complained of by the defendant. The defendant had set up the defense of conscious failure of duty on the part of the plaintiff; no Judge should hesitate a moment in characterizing such conduct, not only as unbecoming, but as wanting in the elements of right doing by any plaintiff. It is not necessary that a placard should be placed charging fraud when discussing fraudulent practices, and no apology is necessary in defense of a Judge when he lays down the duty of right doing by a plaintiff. We, therefore, overrule, unhesitatingly, this ground of appeal.

2. "Because his Honor erred in refusing to charge the defendant's ninth request to charge, which is as follows:

'Ninth. If the jury find that G. C. Carpenter was the agent of the defendant company and actually knew of the alleged mortgage said to be on the plaintiff's stock of goods and told him to pay it off before the policy was issued and that he did not agree for it to remain on the stock of goods after the policy was issued—then such act of Carpenter's, though he may have been the defendant's agent, would not be a waiver, and your verdict should be for the defendant company.' For it is submitted that said request was a hypothetical statement of facts for the reason that the whole illustration was prefaced by the conjunction if, and it should have, therefore, been charged, because in a question of waiver, the Judge may illustrate to the jury by way of a hypothetical case what facts constitute waiver, especially when only one inference could be drawn from these facts."

It is disclosed by the testimony offered at the hearing, both that of the plaintiff himself and of the agent of the defendant company, G. C. Carpenter, that while the application was in course of preparation, when an inquiry was made by Carpenter of plaintiff if there was any lien upon the property proposed to be insured, plaintiff frankly stated that there was a small mortgage of one hundred and seventy-five dollars, which said mortgage was then on record in the office of R. M. C. of Aiken county in February, 1906; but that the plaintiff had the money in hand sufficient to discharge said encumbrance, and Carpenter, as the agent of the defendant, then answered this question asked in the policy that there was no encumbrance. As to what Carpenter might have thought the plaintiff would do in applying his cash to the immediate cancellation of said mortgage, no declaration was made by him, either in the policy itself or in the conversation between the two parties. The Circuit Judge was, therefore, correct in his unwillingness to make the charge as requested by the defendant. What the jury needs in reaching a verdict are facts, and not surmises.

This exception is overruled.

3. "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'That simply means that, notwithstanding the facts that the policy specified, that if certain things therein be not true as in this case I have stated previously, that the policy shall be void, unless the insured keeps his books in an iron safe or in a safe place not upon the premises and it be known to the agent of the company that the insured did not have an iron safe and did not keep his books in a place apart from the premises— if those facts be known to the agent, and nevertheless the insurance is issued and continued upon the property, the law says that knowledge is imputed to the company, that the company has knowledge of it because it can act only through its agent, and by the knowledge of that state of facts, knowing that they are facts, that he did not keep his books in a safe and does keep them upon the premises, and they acquiesce in that, it would not be fair and right for them to go on and keep insurance on the man's property, taking his money for it, and when a loss occurs, they all the time knowing that he was not complying with the requirements in the policy, to then say that the policy was void. You see that that would not be fair, and that is what has been denominated in the law from one of the books read to you as perfidy or dishonesty.' For it is submitted that when his Honor instructed the jury that if the defendant company received pay knowing 'that he (the assured) did not keep his books in an iron safe or in a safe place not upon the premises, and acquiesced in that, it would not be fair and right for them to go on and keep insurance on the man's property,' etc., because by stating what facts would constitute a waiver, he thereby made an inference for the jury on facts which should have been left solely for them to determine."

The facts developed at the hearing in regard to an iron safe to be provided by the plaintiff, as well as keeping his invoices and books and papers either in an iron safe or in some safe place not on the premises insured, have given us great concern. We see that the rules governing insurance

companies in the requirement of an iron safe, wherein the books of a merchant and his invoices are to be kept, is a very valuable adjunct to the rules that the wisdom of ages have devised for the protection of fire insurance companies. And yet these rules may be disregarded by insurance companies. In the case at bar the plaintiff frankly told Mr. Carpenter, the agent of the defendant company, that he had no iron safe nor the means of providing one, and, therefore, when Mr. Carpenter stated to him when assured by the plaintiff that he had no iron safe, nor the means of securing one: "I told him it was not necessary, that I understood from Mr. Alexander that it was not necessary, but to keep a set of books which was required when they had no safe." To all this, however, the defendant replies that the policy issued by it was left in the hands of the plaintiff on the moment he paid the premium of the insurance, and that by the terms of such policy the plaintiff could have seen that it was not in the power of any one save the president of the insurance company to waive any of the requirements of the policy, under its charter or by-laws, except in writing upon the policy itself. Defendant also claims that G. C. Carpenter was not recognized as an agent to bind the company.

We are obliged to consider that an insurance company must act necessarily through agents and it is in its power to select certain agents to do certain things, but it is also in its power itself to change its rules, but furthermore it is the power of the law, no matter what provisions its charter may contain as to the power of agents, that its conduct waives the observance of rules for the advancement of its own interest, if its conduct to others necessitates agent's regard of its printed rules it must be held by law to have done so under certain circumstances. Now in the case at bar, they claim that Carpenter was but a soliciting agent. There is nothing in their constitution or by-laws which lays down such a procedure. Besides, when this policy was issued by it to the plaintiff, G. C. Carpenter was held out as their agent in writing with no restriction upon his powers as such;

he did not simply solicit insurance, he received money for them; he countersigned, with approval, policies issued by them in his own handwriting and as agent, and as such agent accepted with approval process of the courts.

His knowledge was knowledge of his company, therefore, when he, under all these circumstances, assured the plaintiff that the iron safe clause was not necessary, the plaintiff acted in full confidence of the authority of Carpenter to represent the defendant company. This is no new holding by this Court, and it is not only acquiesced in by this Court but generally by the courts of the country. We, therefore, are obliged to hold that the Circuit Judge made no mistake in his ruling as here complained of. This exception is overruled.

4. "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'So you see the rule simply requires of the company absolute fairness, and so it is of any requirements in the policy, that if the agent has knowledge that it is not being complied with. As for instance that there was a mortgage on the premises, if the agent knew that there was a mortgage on the premises and nevertheless went on and issued the policy and there was a condition that the policy should be void if there was a mortgage on the premises, you see that would not be fair and right,' etc. For it is submitted, that the illustration used in this part of the charge was identical with the facts raised by one of the issues in the case, and it was, therefore, error for the presiding Judge to make an inference on the facts for the jury by stating what facts, if true, would constitute waiver, and by so doing he invaded the province of the jury, because it was for them, after proper instructions, to infer and determine if the facts in the case would constitute waiver."

The force of the holding made by us of the third ground of appeal virtually disposes of this the fourth ground and it is, therefore, overruled.

5. "Because his Honor, the presiding Judge, erred, in charging the jury as follows: 'The general rule of knowl-

edge of the agent being the knowledge of the insurance company applies as well to mutual companies as it

4    does to other insurance companies. As has been read to you here from the books, the Court says: That the companies carrying on the business on the assessment plan have the same object in view and says there is the same necessity of trusting the conduct of the business to a certain number of persons, and there is no reason why a more favorable rule should prevail in behalf of those conducting business on the assessment plan than those carrying on the business on a different plan. So you see that there is no distinction on the question as between the two sorts of companies.' For it is submitted, that since the defendant company is a mutual insurance company under the statute law of this State, and the plaintiff a member thereof at the times mentioned in the complaint, the doctrine of waiver as applicable to old line companies was not applicable to the defendant company, and the jury should have been instructed, therefore, that the general rule of knowledge of the agent being the knowledge of the insurance company for all purposes of waiver did not apply in the present case, since the agent of the mutual insurance company cannot by his conduct waive any of the stipulations of the insurance, except in the manner expressly provided for in the policy."

This Court has held so often that the same principles of law apply to insurance in old line and mutual assessment companies, and therefore this exception is overruled. *McBride* v. *Ins. Co.,* 55 S. C., 589, 33 S. E., 729; 16 A. & E. Enc. L., p. 17 and 18.

6. "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'For instance, I myself holding a policy on my residence, it contains a clause that if the premises be left vacant for more than ten days that the policy shall be void. Nevertheless, when I desire to go away for a longer period than ten days and leave my premises vacant and no one upon them, I go to the insurance office, see one of the men there in the office working for

them, and say to him that I intend to be away for a longer period than that, he may say nothing or he may say, "That is all right," something to that effect; that has been held to be a waiver of conditions,' etc. For it is submitted, that the defendant company is a mutual insurance company and the plaintiff a member thereof at the times mentioned, and therefore his Honor should have charged that the stipulations contained in the contract of insurance, including the application, which was a part of the policy, was under the charter and constitution of the defendant company warranties precedent, and as such, that no agent of the defendant company could waive the same by his conduct or by agreement except in the manner provided for in the policy, and hence misled the jury."

So far as this exception is concerned we find that it is already covered by the opinion announced, and it is overruled.

The judgment of this Court is that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MESSRS. JUSTICES GARY *and* WOODS *concur in the result.*