11126

FEAGIN v. ROYAL INS. CO

(115 S. E., 808)

1. INSURANCE—LOAN BROKER HELD NOT INSURER'S AGENT, AS RESPECTS WAIVER OF PROVISION AGAINST ADDITIONAL INSURANCE.—Where loan broker, who was assisting plaintiff to get a loan on his house, went with plaintiff to secure insurance, the fact that the insurance company in writing the insurance acted upon such broker's estimate of the value of the house, did not make the broker the agent of the insurance company, and hence notice to him of additional insurance would not affect the question whether the policy provision against additional insurance was waived.

NOTE—As to whether insurance broker is agent for insured, see note 38 L. R. A. (N. S.), 614.

2. INSURANCE—STATUTE AS TO PERSON INSPECTING RISK BEING COMPANY'S AGENT LIMITED.—Civ. Code 1912, § 2712, declaring agent of a foreign insurance company a person who inspects a risk, has no application, except when the person making the inspection was then acting for the company.

3. INSURANCE—No RELIEF AGAINST FORFEITURE FOR ADDITIONAL INSURANCE BECAUSE OF STATEMENT OF INTENTION TO INSURER'S AGENT.— That before a policy was taken out insured told insurer's agent that he "intended" to take out additional insurance, would not relieve from forfeiture for taking out unauthorized additional insurance.

Before DEVORE, J., Aiken, 1922.    Affirmed.

Action by J. J. Feagin against Royal Insurance Co. From a directed verdict for defendant the plaintiff appeals.

*Mr. John F. Williams,* for appellant, cites: *Agent who inspects property for insurance is presumed to be acting for the company:* 57 S. C., 358; 70 S. C., 300; 1 Civ. Code 1912, Sec. 2711-12; 2 C. J., 925, Sec. 663. *Proof of agency:* 48 S. C., 434.

*Messrs. Hendersons,* for respondent, cite: *Agent cannot waive as to future acts of insured:* 81 S. C., 158; 33 S. E., 430; 82 Fed., 406; 14 R. C. L., 1170. *Duration of agency for particular purpose:* 21 R. C. L., 822; 124 A. L. R., 1077; 14 R. C. L., 159; 60 A. S. R., 210; Ann. Cas., 1913-A, 847.

February 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a policy of fire insurance, issued March 18, 1918, insuring the dwelling house of the plaintiff for three years in the sum of $600. The house was destroyed by fire on February 24, 1921; and, the defendant having refused payment, this action was instituted for $600, with interest from April 24, 1921.

The defense of the defendant was based upon the alleged fact that on August 8, 1920, the plaintiff, in violation of the provisions of the policy, procured other and additional insurance upon the property, in the sum of $1,500 (plus $2,000, as the evidence shows), with the Abbeville-Greenwood Mutual Insurance Company.

The case was tried before Hon. J. W. DeVore and a jury, at a term not stated in the record, and at the close of all of the evidence the Circuit Judge, upon motion of the defendant, directed a verdict in its favor, upon the ground that the forfeiture of the policy, by reason of the additional insurance, was established by the undisputed testimony, and that there was no evidence in the case tending to show a waiver of the condition of forfeiture on the part of the defendant. From the judgment for the defendant upon the directed verdict, the plaintiff has appealed to this Court upon exceptions that fairly raise the point in the case, the error assigned in directing the verdict.

The plaintiff does not attack the validity of the condition in the policy:

"This insurance policy, unless otherwise by agreement entered hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure, any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

Nor does he deny the fact alleged by the defendant, that, after this policy was issued in March, 1918, in August, 1920, he procured additional insurance to the extent of $2,000 in the Abbeville-Greenwood Company.

His contention is that, before the first policy was issued, he notified the agent of the defendant company that he intended to take out additional insurance on account of certain improvements he intended to make upon the house; and that after he had done so he showed the policy for the additional insurance to the defendant's agent. He therefore claims that the defendant has waived the forfeiture

based upon the alleged breach of the condition relied upon.

The vital question in the case is whether the evidence tended to show that one G. A. Briggs, who inspected the property and received the notice above referred to, was in fact the agent of the insurance company.    This necessitates a review of the evidence bearing upon this issue.

It appears that the plaintiff owned 81 acres of land in Aiken County, upon which the dwelling house in question was located.    He wished to negotiate a loan of $500, with the property as security.    He applied, through Briggs, to one Garlington, an attorney in Augusta to assist him in the matter.    Garlington told him that he had $400 of a client's money which was available.    Garlington at that time had a phone conversation with the agents of the defendant company, it may be assumed in reference to insurance upon the house which was to be mortgaged.    The plaintiff testified that he heard Garlington tell the insurance agents that he would have one G. A. Briggs inspect the property.    Thereafter Briggs did inspect it and reported favorably to Garlington upon its value as security for the proposed loan. The plaintiff testified that when Briggs was at his house, he (Briggs) said, while they were looking over the house, "There was no use to estimate the value of it."    Briggs went with plaintiff to the insurance office, and the agents acted upon representations made by Briggs and the plaintiff regarding the value of the house in issuing the policy.    Both Briggs and Garlington testified that the connection which Briggs had with the matter was solely that of broker; that plaintiff had applied to Briggs for the loan, and that he was assisting the plaintiff in negotiating the loan through Garlington; that Briggs inspected the property solely for the purpose of fixing the value in connection with the loan.

There is an absolute failure on the part of the plaintiff to show that Briggs, who inspected the property for Garlington, inspected it with insurance in view, or that at any time, in connection with the matter, was

acting as an agent of the insurance company. The testimony of the plaintiff that Briggs had said that there was no use to estimate the value of the house indicates that he was satisfied with the value of the land as security for $400, and had no idea of estimating the value of the house for insurance. The fact that the insurance company may have acted upon Briggs' estimate of the value of the house when he and the plaintiff went to secure the insurance, Briggs at the time co-operating with the plaintiff, certainly could not constitute Briggs the agent of the insurance company, relating back to the time of the inspection for another purpose, so as to bind the company by notice given to Briggs at that time or subsequently.

Section 2712, Vol. I, Code of Laws A. D. 1912, has 2, 3 no application except when the person making the inspection was at the time acting for the insurance company. Even if Briggs was the agent of the company at the time of the inspection and was told by the plaintiff that he intended to take out additional insurance, that would not have relieved the forfeiture. *McCarty v. Ins. Co.,* 81 S. C., 152, 62 S. E., 1.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Messrs. Justices Watts, Fraser, and Marion concur. Mr. Chief Justice Gary did not sit.