#### ROWELL v. FIREMAN'S INSURANCE COMPANY

#### (141 S. E., 20)

1. INSURANCE—EVIDENCE OF INSURER'S WAIVER OF OTHER INSURANCE CONDITION HELD FOR JURY.—In action on fire insurance policy, evidence as to insurer's having waived provision relative to insured's securing other insurance on property *held* sufficient for jury.

2. TRIAL—QUESTION IS FOR JURY IF MORE THAN ONE INFERENCE CAN BE DRAWN FROM TESTIMONY.—If more than one inference can be drawn from the testimony, question of fact is made for jury. Cothran, J., dissenting.

Before Moss, J., County Court, Orangeburg, September, 1926. Reversed and remanded.

Action by Stella V. Rowell against the Firemen's Insur-

ance Company.    Judgment for defendant, and plaintiff appeals.

*Mr. L. A. Hutson,* for appellant, cites: *"Waiver"*: 124 S. C., 173.    *Agent here had authority to waive any conditions of policy:* 79 S. C., 526; 60 S. E., 1106; 80 S. C., 407; 88 S. C., 31; 97 S. C., 375.    *Forfeiture not favored by the Courts; taken most strongly against the insurer:* 102 S. C., 115; 144 U. S., 439.    *Sufficient evidence of waiver here, should have gone to jury:* 36 S. C., 215; 46 S. C., 546; 48 S. C., 222; 51 S. C., 181; 52 S. C., 224; 54 S. C., 599; 57 S. C., 358; 70 S. C., 295; 78 S. C., 433; 102 S. C., 115; 124 S. C., 173; 125 S. C., 457; 130 S. C., 383.    *Error to direct verdict:* 42 S. C., 14; 43 S. C., 26; 46 S. C., 546; 52 S. C., 224; 51 S. C., 181; 55 S. C., 589; 57 S. C., 358. *Contributive insurance:* 22 St. at Large, 113; 57 S. C., 347.

*Messrs. James H. Fowles, and Brantley & Zeigler,* for respondent, cite: *No waiver:* 81 S. C., 152; 122 S. C., 536; 39 S. C., 525.

December 21, 1927.

The opinion of the Court was delivered by Mr. Justice Stabler.

On May 25, 1925, the defendant company issued to the plaintiff a fire insurance policy covering her dwelling house in the Town of Norway, in the sum of $1,500, and her household goods in the sum of $500.    The policy stated the value of the house to be $2,500, and contained the following condition:

"Unless otherwise provided by agreement in writing, added hereto, this company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

On October 17, 1925, plaintiff obtained additional insurance on the same property in another company, to the amount

of $1,750 on the building and 500 on the household goods. On March 25, 1926, her house and household goods were totally destroyed by fire.   The defendant, after receiving notice of the fire and proof of plaintiff's loss, denied all liability, claiming that plaintiff had violated the condition of the policy above referred to, and offered her a check for the amount of the premium which she had paid the company. She declined to accept the check and brought this action for recovery on the policy.

The complaint is in proper form.   Defendant by its answer denied liability, setting up as a defense that plaintiff had procured, without its knowledge and consent, additional insurance on the same property, in violation of the condition of the policy.

The case came on for trial in the County Court for Orangeburg County, before his Honor Judge Moss and a jury.   When the plaintiff had rested her case, the defendant moved for a directed verdict on the ground that the testimony showed that she had procured other insurance, without the knowledge or consent of the company, upon both items of the property covered by the policy issued her by the defendant, and that there was no testimony tending to show waiver on the part of the company to stand upon the condition named in the policy.   The Court granted the motion.

The plaintiff now comes to this Court, the appeal presenting but a single question for our consideration:   Did the trial Judge commit error in holding that there was no evidence of waiver by the defendant of the violation by plaintiff of the condition of the policy against other insurance, and in directing a verdict for the defendant?

The answer to this question requires an examination of the testimony.   There were only two witnesses, the appellant and her son-in-law.   The testimony of Fickling, the son-in-law, in the main tended to show that he handled appellant's business for her during her illness; that respondent's agent, Able,

called to see the witness several times after the fire; that he asked to see the title to the land, which was shown him; that they talked the matter over, and the agent told him if there was anything he could do he would be glad to do it. The testimony of the appellant tended to show that Able, the agent of the respondent's company at Norway, wrote the policy of insurance; that afterwards he saw her on the streets and told her the best thing for her to do was to take out some more insurance, and that he spoke to her about this a number of times; that later she took out additional insurance in the Globe & Rutgers Fire Insurance Company, through the Watson agency; and that subsequently her house and household goods were totally destroyed by fire. After further testimony elicited from the witness by her counsel, she was asked this one question on cross-examination: "Did you state that you had a policy on this same property with Mr. Watson's agency here in Orangeburg?" to which she answered, "Yes, sir." On redirect examination, immediately following, she testified as follows:

"Q. You took that policy out after Mr. Able told you that you had better get more insurance? A. Yes, sir.

"Q. Do you recall whether he came back and asked you had you gotten other insurance? A. Yes, sir.

"Q. You said that, too? A. Yes, sir."

On argument in this Court, counsel for appellant and counsel for respondent could not agree as to the real significance of this testimony. Counsel for respondent contended that it established nothing except that appellant had procured additional insurance on the same property with the Watson agency in Orangeburg, while appellant's counsel insisted that it established the fact that appellant had stated or said to respondent's agent, Able, when he asked her whether she had gotten other insurance, that she had done so.

It was not disputed that the respondent's agent saw the appellant a number of times after she had procured the insur-

ance in his company, and suggested that she take out additional insurance on her house and household goods. It is reasonable, of course, to suppose that the agent expected any such additional insurance to be taken in his company. However, it is not clear that the appellant so understood him. It *is* clear that, in line with his suggestion, she procured additional insurance.

On argument of the appeal in this Court, counsel for the respondent, with his usual candor, conceded that if the insured, as claimed by the appellant gave notice to the company through its duly accredited agent that she had taken out additional insurance, and the company did nothing about the matter until after the property was destroyed by fire some time later, this would be some evidence to go to the jury of waiver of the forfeiture, but contended that no such notice was given.

It is true that the testimony is meager and not altogether clear on the point in dispute, but we think that from the testimony quoted, when taken in connection with other testimony of the case, a reasonable inference may be drawn that the appellant said or stated to respondent's agent that, following his suggestion, she had taken out other insurance on the property—which, if the company failed to act upon such alleged knowledge before the destruction of the property by fire some time later, would be some evidence of waiver on its part of the violation by the insured of the condition of the policy.

If more than one inference can be drawn from the testimony, a question of fact is made for the jury. *Rogers v. Insurance Co.,* 135 S. C., 89; 133 S. E., 215; 45 A. L. R., 1172. *Hollings v. Bankers' Union,* 63 S. C., 197; 41 S. E., 90.

In *Allen v. Insurance Co.,* 139 S. C., 41; 137 S. E., 214, the Court said:

"Even though no one of the facts is sufficient in itself to warrant an inference of waiver, yet if, taken together, they tend to produce that result, then there is no error in submitting that question to the jury" (citing *Cope v. Insurance Co.,* 134 S. C., 532; 133 S. E., 440. *Clark v. Insurance Co.,* 101 S. C., 249; 85 S. E., 407).

*McCarty v. Piedmont Insurance Co.,* 81 S. C., 152; 62 S. E., 1; 18 L. R. A. (N. S.), 729, and *Feagin v. Royal Insurance Co.,* 122 S. C., 532; 115 S. E., 808, relied upon by the respondent, are not in point. In the *McCarty case,* the Court held that:

*"The mere declaration of intention* to do something in the future with respect to a contract not in existence cannot be the basis of a waiver or estoppel to assert a condition of the subsequently executed contract."

The *Feagin case* was decided on the ground that the testimony showed that the person to whom the alleged notice of intention to take out additional insurance was given by the insured was not at the time an agent of the company, but the Court added:

"Even if Briggs was the agent of the company at the time of the inspection and was told by the plaintiff that he *intended* to take out additional insurance, that would not have relieved the forfeiture."

No such question, however, is involved in the present case, since here the notice given, if any, was one not of intention to take out additional insurance, but that additional insurance had already been actually taken out.

The judgment below is reversed and the case remanded for a new trial.

Mr. Chief Justice Watts and Messrs. Justices Blease and Carter concur.

Mr. Justice Cothran (dissenting): I think that his Honor, Judge Moss, was entirely right in directing a verdict for the defendant, and, therefore, respectfully dissent

from the conclusion to the contrary announced in the opinion of Mr. Justice Stabler, for the reasons which follow.

The policy of fire insurance issued to and accepted by the insured contained the following plain and unambiguous condition:

"Unless otherwise provided *by agreement in writing*, added hereto, this company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The validity of this limitation upon the obligation of the company is sustained by the cases of *Spann v. Insurance Co.*, 83 S. C., 262; 65 S. E., 232. *Camden Co. v. Insurance Co.*, 106 S. C., 467; 91 S. E., 732. *De Shields v. Insurance Co.*, 125 S. C., 457; 118 S. E., 817. *Young v. Insurance Co.*, 68 S. C., 387; 47 S. E., 681. *Walker v. Insurance Co.*, 136 S. C., 144; 134 S. E., 263.

As is said in the *Spann Case:*

"The provisions of the policy with respect to additional insurance are perfectly clear and consistent, and their validity has universal judicial recognition."

In *Young v. Insurance Co.*, 68 S. C., 387; 47 S. E., 681, the Court said:

"To hold the insured not to be bound by this provision, would be equivalent to holding that when a contract is made for a policy of insurance, and the ordinary policy is issued with the usual conditions printed in it, all these conditions would be void and have no effect on the liability under the policy, unless expressly brought to the notice of the insured and assented to by him. To state such a proposition is to reject it. * * * It was admitted by the plaintiff that she took out other insurance, and this was sufficient to defeat her recovery, unless this condition was waived."

In *Walker v. Insurance Co.*, 136 S. C., 144; 134 S. E., 263, the Court said:

"It follows that, if the condition [as to additional insurance] was a valid one, that it was breached by the insured, and that there was no waiver by the company, the direction of a verdict in favor of the defendant company was inevitable."

The plaintiff admits that after the policy in the defendant company was issued to her on May 25, 1925, insuring the dwelling house for $1,500 and the contents for $500, upon an agreed valuation of the house at $2,500 on October 7, 1925, she took out an additional policy in another company, insuring the dwelling house for $1,750 and the contents for $500, upon the same agreed valuation of the house at $2,-500.    According to her own statement she had $3,250 insurance upon a house valued at $2,500.

The plaintiff admits the facts and admits the law, but claims that there was sufficient evidence of a waiver by the company of the condition in reference to additional insurance to carry the case to the jury.

The evidence of such waiver, upon which the plaintiff relies, consists of two circumstances: (1) That the agent who had issued the policy in the defendant company, several times, after the issuance of the policy, suggested to her and insisted upon her taking out additional insurance.    (2) That after she had taken out the additional policy with an agent of another company, she informed the agent of the defendant company that she had done so.

I do not think that either circumstance presents the slightest evidence of a waiver by the company of the condition as to additional insurance.

I. *As to the first circumstance:*

(a) The insured made no reply to the insistence of the agent that she take out additional insurance.   Even if she had specifically notified him *that she intended to do so*, such notification, under the case of *McCarty v. Insurance Co.,*

.81 S. C., 152; 62 S. E., 1; 18 L. R. A. (N. S.), 729, would not have amounted to evidence of waiver.

In that case the company claimed a forfeiture from the fact that the insured placed an incumbrance on the property after the issuance of the policy, in violation of a condition in it. The insured sought to establish a waiver from the fact that, *at the time of the issuance of the policy,* he told the agent that he expected to put a small mortgage upon the property.

The Court stated the issue as follows:

"Another question involved is whether the knowledge and representations of the agent in this case can be the basis of waiver or estoppel, *since they did not relate to a known or existing fact, but to something intended to be done in the future."*

—and proceeded to discuss and decide the issue, holding that although the intention was expressed before or at the time of the issuance of the policy, it was merely an intention and did not for that reason constitute evidence of a waiver. After citing and quoting from the case of *Union Ins. Co. v. Mowry,* 96 U. S., 544; 24 L. Ed., 674, with approval, the Court continued:

"It has frequently been held in this State that if an insurance agent *at the inception of the contract* has knowledge of a fact constituting a forfeiture, such knowledge is imputed to the company, and the issuance of the policy * * * estops the company from asserting the forfeiture * * * [citing cases]. * * *

"Imputing to defendant company the knowledge had by its agent, then the case practically stands as if the agent had incorporated in the application plaintiff's intention to place a small mortgage on the property, and the delivery of the policy was, therefore, made after knowledge of his intention. But the distinction between knowledge of a fact inconsistent with a valid policy in its inception and knowledge

of a mere intention to do something in the future, which knowledge is consistent with the existence of the policy as a valid contract in its inception, is manifest. The intention may never be carried out, or, if carried out, the contract stipulates as to the manner and conditions. Hence to sustain the view that there was waiver of, or estoppel to assert, the conditions of the contract in this case, the Court must go further than it has yet gone on this subject."

The precise point was presented and decided in the case of *Feagin v. Insurance Co.,* 122 S. C., 532; 115 S. E., 808. The defense was the same as in the case at bar and the effort to avoid the policy was the same except that the expression of the intention to procure additional insurance was made to one claimed to be the agent of the company *at the time of the issuance of the policy,* and not *long afterwards* as in the case at bar. The Court said:

"Even if Briggs was the agent of the company at the time of the inspection and was told by the plaintiff that he intended to take out additional insurance, that would not have relieved the forfeiture" (citing the *McCarty Case*).

(b) The insistence of the agent that additional insurance be taken out, cannot constitute evidence of a waiver, for another reason: The policy did not absolutely forbid the taking out of such insurance; it impliedly allows it upon a written agreement signed by the company; the suggestion of the agent naturally presupposed a compliance by the insured with that condition.

As the Court said in the *McCarty Case:*

"The by-laws of the defendant company do not forbid the placing of an incumbrance upon the insured property. The policy, however, contained a stipulation that if the property be incumbered, etc., without the written consent of the company indorsed thereon, it shall not be held liable, and further provided that the insured shall furnish a correct account of any incumbrance on the property insured and

promptly advise the company of any insurance placed upon it after the policy is issued.  *  *  *  The foregoing recitals show that the delivery of the policy as a valid contract is consisted with the imputed knowledge that the insured intended to place a mortgage upon the insured property, for the policy provided what the assured should do in that event."

(c)  The insistence of the agent that additional insurance be taken out, cannot constitute evidence of a waiver for still another reason:  The rule that an insurance company is chargeable with the knowledge of its soliciting agent does not apply to matters of which he is informed *after the issuance of the policy*.  (This point will be discussed in connection with the second circumstance above referred to which is the more important one of the two.)

II.  *As to the second circumstance:*

The appellant's counsel insist that there is evidence tending to show that after Mrs. Rowell took out the additional policy she notified the agent of the defendant company who had issued the first policy of the fact; and that that is evidence of a waiver by the company of the condition.

In her direct testimony the plaintiff did not even mention a meeting or conversation with the defendant's agent after she had taken out the second policy, and certainly gave no intimation that she had so notified him.  Upon cross-examination, counsel for the defendant asked her the single question: "Did you state that you had a policy on the same property with Mr. Watson's agency here in Orangeburg?" to which she answered, "Yes, sir."  This is all that the plaintiff has to show that she testified of the notification. In view of the reasonable explanation of counsel for the defendant, whose reputation and character are above reproach, I think it clear that he was referring to *her testimony,* and not a supposed conversation with the agent after the second policy was issued, of which there is no evidence.

If the plaintiff relies so strongly upon this notice as waiver, it is passing strange that reliance is placed upon a question by opposing counsel which can so easily be construed as simply buttressing his defense under the condition in the policy.  The redirect examination is too obscure to mean anything.

But assuming that there is evidence tending to show that after the insured had taken out the second policy, she specifically and pointedly notified the defendant's agent, who had issued the first policy, of that fact, I do not think that it constituted the slightest evidence of a waiver by the company of the condition.

(a) The observations above, under this sub-division, are obviously not applicable to this circumstance.

(b) For the same reasons as above outlined under sub-division (b), it is manifest that if the insured did notify the agent that she had taken out a second policy, and nothing more, the agent had the right to assume, as he had had nothing to do with it, that the insured and the company issuing the first policy had come to an agreement with reference to the additional policy; that the terms of the policy had been complied with in such matters.  The alleged notification was at best barren of details; no amount was mentioned; no company designated; it was not a matter with which the agent as agent of the defendant was at all concerned or which required extension of notice to the company; he was at the time not engaged in the course of his employment; and his meager information, if received at all, could not be held as notice to the company.

(c) The alleged notice to the agent of the defendant, of additional insurance, cannot constitute evidence of waiver for another reason:  The rule that an insurance company is chargeable with the knowledge of its soliciting agent does not apply to matters of which he is informed *after the issuance of the policy.*

The office of a soliciting agent of a fire insurance company, upon a particular occasion, is discharged when the policy is delivered, the premium paid and remitted to the company. He has nothing to do with the policy from that time on, except, as ,a matter of accommodation to the insured, to notify him of its expiration and effect a renewal. During that interval he is *functus officio* so far as that policy is concerned, and any information received by him is necessarily received as a private individual, not within the course of his employment, which *pro hac vice* is terminated.

In 3 Cooley, Br. Ins. 2526, it is said:

"The rule that an insurance company is chargeable with the knowledge of its soliciting agent does not, as a general rule, apply to matters of which a soliciting agent is informed after the execution of a policy. His authority ends with the forwarding of the application or with the delivery of the policy, and as to all that occurs afterwards he has neither duty nor responsibility. This doctrine is asserted in *Queen Ins. Co. v. Young,* 86 Ala., 424; 5 So., 116; 11 Am. St. Rep., 51. *Cassimus v. Scottish Union & National Ins. Co.,* 135 Ala, 256; 33 So., 163. *Cedar Rapids Ins. Co. v. Shimp,* 16 Ill. App., 248. *Russell v. Cedar Rapids Ins. Co.,* 78 Iowa, 216; 42 N. W., 654; 4 L. R. A., 538. *Garretson v. Merchants' & Bankers' Ins. Co.,* 81 Iowa, 727; 45 N. W., 1047. *Taylor v. State Ins. Co.,* 98 Iowa, 521; 67 N. W., 577; 60 Am. St. Rep., 210. *Harrison v. City Fire Ins. Co.,* 9 Allen (Mass.), 231; 85 Am. Dec., 751. *A. M. Todd Co. v. Farmers' Mut. Ins. Co.,* 137 Mich.; 188; 100 N. W., 442. *Hamilton v. Aurora Fire Ins. Co.,* 15 Mo. App., 59. *Wilson v. Genesee Mut. Ins. Co.,* 14 N. Y., 418. *Sun Mut. Ins. Co. v. Texarkana Foundry & Machine Co.,* 4 Willson, Civ. Cas. Ct. App. (Tex.), § 31; 15 S. W., 34."

"Nor is there any waiver where the agent only has authority to take applications and deliver them, and the knowledge of the facts constituting a breach comes to him after

the contract is completed; and notice to the soliciting agent that the applicant keeps gunpowder in the insured premises is held not to be notice to the company, * * * and the company is not chargeable with notice acquired by the soliciting agent subsequently to the delivery of the policy for the reason that his functions are held to have ceased." 2 Joyce, Ins. (2d Ed.), p. 1326. *Insurance Co. v. Texarkana Co.,* 4 Willson, Civ. Cas. Ct. App. (Tex.), § 31; 15 S. W., 34. *Insurance Co. v. Van Os.,* 63 Miss., 431; 56 Am. Rep., 810. *Crane v. Insurance Co.* (C. C.), 3 F., 558. *Heath v. Insurance Co.,* 58 N. H., 414. *Putnam Co. v. Insurance Co.,* 145 Mass., 265; 13 N. E., 902.

"The insurer is also estopped from asserting the invalidity of its policy at the time it was issued for the violation of any of the conditions of such policy, *if at the time it was issued* the fact of such violation was known to the company or to its duly authorized agent." 2 Joyce, Ins. (2d Ed.), 536.

"Notice to a soliciting agent, after a fire insurance policy has been issued, is not notice to the company." 2 Joyce, Ins. (2d Ed.), 515b. *Insurance Co. v. Kennedy,* 161 Ala., 600; 50 So., 73; 135 Am. St. Rep., 160. *Lewis v. Insurance Co.,* 181 N. Y., 392; 74 N. E., 224; 106 Am. St. Rep., 557.

"If the change in title or interest occurs after the policy is issued, and no duty devolves upon the agent to take any action in the matter, except upon assured's request, said agent's knowledge of all the facts in relation to an administrator's sale and its confirmation, to which he makes no objection but allows the policy to stand, does not estop assurer to take advantage of said change in the interest or title." 2 Joyce, Ins. (2d Ed.), 561. *Moller v. Insurance Co.,* 54 Wash., 439; 103 P., 449; 24 L. R. A. (N. S.), 809; 132 Am. St. Rep., 1115.

"There was strong testimony going to show that the defendant knew *when it issued this policy* of insurance all the facts relating to the ownership," etc. *Graham v. Insurance Co.,* 48 S. C., 195; 26 S. E., 323; 59 Am. St. Rep., 707.

"The plaintiff offered to introduce testimony for the purpose of showing that, *at that time,* the agent of the defendant had knowledge that there was other insurance on the property. *Such knowledge* would prevent the company from setting up, as a defense, that there was other insurance." *Schroeder v. Insurance Co.,* 51 S. C., 180; 28 S. E., 371.

"The receipt of the premium and the deliverey of the policy were the acts of the principal, and, if the testimony of plaintiff is true, the principal, through its agent, had knowledge of the concurrent insurance *at the time of the inception of the contract of insurance.* Under *such circumstances,* it would be a fraud on the insured for the insurer to assert a forfeiture, which, by such acts, it declared it would not assert." *Gandy v. Insurance Co.,* 52 S. C., 224; 29 S. E., 655.

"Where the insured *at time of making application* showed to agent of insurer an inventory of the stock of goods and agent says, 'It is all right,' the insurer thereby waives its right to afterwards insist that such inventory does not conform to the iron-safe clause." *Madden v. Insurance Co.,* 70 S. C., 295; 49 S. E., 855. *Plunkett v. Insurance Co.,* 80 S. C., 407; 61 S. E., 893.

"An insurance company, affected with knowledge of its agent and thus knowing the existence of a cause of forfeiture *at the inception of the contract,* is estopped to assert such forfeiture by accepting the premium and delivering the policy as a valid contract of insurance." *Doyle v. Hill,* 75 S. C., 261; 55 S. E., 446.

"If an insurance company, *at the inception of the contract of insurance,* has knowledge of facts which render the

policy void at its option, and the company delivers the policy as a valid policy, it is estopped to assert such ground of forfeiture." *Fludd v. Insurance Co.,* 75 S. C., 315; 55 S. E., 762.

"Knowledge by the agent at the inception of the insurance contract, that the books could not be kept in an iron safe on the premises, would estop the insurance company from claiming a forfeiture." *Cobb & Seal v. Insurance Co.,* 78 S. C., 388; 58 S. E., 1099.

"In *Rearden v. Insurance Co.,* 79 S. C., 526; 60 S. E.; 1106, it is held that any information a soliciting agent may have, *before application,* of the condition of health of an applicant, obtained while soliciting insurance, is notice to the company."

"It has frequently been held in this State that if an insurance agent *at the inception of the contract* has knowledge of a fact constituting a forfeiture such knowledge is imputed to the company, and the issuance of the policy as a valid policy estops the company from asserting the forfeiture." *McCarty v. Insurance Co.,* 81 S. C., 152; 62 S. E., 1; 18 L. R. A. (N. S.), 729.

"If an insurance agent at the inception of the contract has knowledge of a fact constituting forfeiture, that knowledge is imputed to the company, and the issuance of the policy as a valid policy estops the company from asserting the forfeiture." Jones and Woods, JJ., *Slawson v. Insurance Co.,* 82 S. C., 51; 62 S. E., 782.

"A statement to the policyholder by an agent of the insurer, *made at the time of the issuance of the policy* and receipt of the premium; to the effect that a condition of the policy will not be insisted on, is evidence of waiver or estoppel." *Berry v. Insurance Co.,* 83 S. C., 13; 64 S. E., 859.

To the same effect are *Hollings v. Bankers' Union,* 63 S. C., 192; 41 S. E., 90. *Hankinson v. Insurance Co.,* 80

S. C., 392; 61 S. E., 905. *McCarty v. Insurance Co.,* 81 S. C., 152; 62 S. E., 1; 18 L. R. A. (N. S.), 729. *Huestess v. Insurance Co.,* 88 S. C., 31; 70 S. E., 403.

In *Cassimus v. Insurance Co.,* 135 Ala., 256; 33 So. 163, is it held that where the policy forbids the keeping of certain inflammable commodities on hand, and *after the policy has been issued,* the agent has knowledge of the breach of such condition, notice to him does not bind the company, or operate as a waiver of the insurer's right to avoid the policy for keeping such prohibited articles.

In *Garretson v. Insurance Co.,* 81 Iowa, 727, 45 N. W., 1047, it is held that an agent, authorized only to solicit insurance, deliver policies, and receive premiums, who after the issuance of the policy consents that the insured may keep gasoline, in violation of the policy, does not thereby bind the company.

To the same effect is *Bartholomew v. Insurance Co.,* 25 Iowa, 507; 96 Am. Dec., 65, in reference to gunpowder.

In *Stevens v. Queen Ins. Co.,* 81 Wis., 335; 51 N. W., 555; 29 Am. St. Rep., 905, it is held that, where the policy contains a condition against mortgages, and after it is issued the agent assists in the preparation and execution of a mortgage by the insured, the knowledge of the agent is not to be imputed to the company as a ground of waiver.

The same principle is applied to cases of vacancy occuring within the knowledge of the agent after the policy has been issued. *Insurance Co. v. Garland,* 108 Ill., 220.

In *Moller v. Insurance Co.,* 54 Wash., 439; 103 P., 449; 24 L. R. A. (N. S.), 807; 132 Am. St. Rep., 1115, it is held, quoting from the syllabus:

"Knowledge on the part of the agent of an insurance company, after a policy has been issued, of a change in title of the insured sufficient to work a forfeiture of the policy, will not estop the insurer from taking advantage of it,

since he was under no duty to take any action by reason thereof unless requested to do so by the assured."

The rule adopted by the Supreme Court of the United States is that it is not admissible to show by parol evidence that a condition stated in a policy as essential to its validity was known by the local agent not to exist at the time the policy was issued, where the policy provides against waiver. *Northern Assurance Co. v. Grand View Bldg. Association,* 183 U. S., 308; 22 S. Ct., 133; 46 L. Ed., 213. "But," as declared by this Court in *Pearlstine v. Insurance Co.,* 74 S. C., 246; 54 S. E., 372, "the rule adopted in this State and the large majority of the States of the Union is that an insurance company cannot avail itself of provisions in the policy that it should be void if certain facts therein mentioned as essential to the insurance should be found not to exist when these facts were known to the agent not to exist *when the policy was issued* through him, and the existence of such facts [nonexistence?] and the knowledge of the agent may be proved by parol."

I do not agree that this Court should further extend the rule, admittedly out of harmony with the Supreme Tribunal, to instances of notice to the agent after the issuance of the policy; a principle which has not heretofore, within my knowledge, been enunciated by this or any other Court.

"If an agent has merely authority to take applications and deliver them, and his knowledge of a breach of warranty comes to him in his individual capacity, after the contract of insurance is made, there is no waiver of forfeiture." 2 Joyce, Ins. (2d Ed.), 546.

"It is necessary that the knowledge of an agent, in order to bind the company, should have been obtained by him in the course of his employment. If obtained while doing an act in no way connected with his agency, the company is not bound." 2 Joyce, Ins. (2d Ed.) 544.

In *Taylor v. Insurance Co.,* 98 Iowa, 521; 67 N. W., 577; 60 Am. St. Rep., 210, quoting syllabus, it is held:

"An insurance agent, whose powers are limited to making contracts and issuing policies, has no power, after issuing a policy, to violate a condition therein by agreeing verbally with the insured, without the knowledge of the insurer to additional insurance in another company. Notice to such agent of additional insurance is not notice to his principal, and it is not bound thereby nor by such verbal agreement of the agent."

To the same effect are *Todd v. Insurance Co.*, 137 Mich., 188; 100 N. W., 442. *Stipcich v. Insurance Co.* (D. C.), 8 F. (2d), 285. *Traders' Ins. Co. v. Letcher*, 143 Ala., 400; 39 So., 271. *American Ins. Co. v. Walston*, 111 Ill. App., 133. *Insurance Co. v. Spiers*, 7 Ky., Law Rep., 370. *Beasley v. Insurance Co.*, 140 Ga., 126; 78 S. E., 722. *Bank v. Insurance Co.*, 23 N. D., 139; 134 N. W., 873; 38 L. R. A. (N. S.), 213. *Cobel v. Insurance Co.*, 154 Minn., 233; 191 N. W., 592. *Scrivner v. Insurance Co.*, 144 Iowa, 328; 122 N. W., 942. *Insurance Co. v. Marsh*, 34 Okl. 453; 125 P., 1100; 42 L. R. A. (N. S.), 996. *Kring v. Insurance Co.*, 195 Mo., App., 138; 189 S. W., 628. *Pettijohn v. Insurance Co.*, 100 Kan., 482; 164 P., 1096.

I think, therefore, that the judgment of the lower Court should be affirmed.